William R. MEEK, Appellant,

v.

Margaret MEEK, Appellee.

Court of Appeals of Kentucky.

Dec. 12, 1958.

Claude E. Smith, Owensboro, for appellant.

Louise G. Kirtley, Owensboro, for appellee.

STANLEY, Commissioner.

A divorce was granted the appellant, William R. Meek, from the appellee, Margaret Meek, on December 14, 1956. The judgment awarded custody of three little children to the father. But within a month, on the mother's motion, the order was changed and custody of the children was given to the mother, and the father was directed to pay her $40 a week for their support.

The case was opened up from time to time but no change was made in that order. Finally, the court heard evidence on the mother's motion to be permitted to remove the children to Evansville, Indiana, where their grandmother and her sister, she testified, had offered to give the mother and the children a home. The father had previously moved that he be given custody of the children because their mother was not of proper and suitable character. The motion was overruled. The hearing resulted in the court denying the mother's motion to be permitted to remove the children. The order adjudged that the father pay the mother $40 a month with which to provide herself and children a residence when they had moved from a house he owned. Thus, the amount required to be paid is $40 a week (the equivalent of about $173 a month) and $40 a month for rental, a total of $213. The appeal is from that judgment, which was entered on October 8, 1957, and from the previous order overruling the father's motion to be given custody of the children.

The parties respectively submitted to the court narrative statements as to the evidence that had been heard on previous hearings. The court ordered the statements filed without approving or disapproving their accuracy because of the number of times the judge had heard evidence in the dispute between the parties. Under such state of the record we cannot consider those narratives. The stenographic transcript of evidence heard on the last hearing is filed.

The appellant contends that the court should have taken custody of the little girls from their mother. We do not have an authenticated copy of the evidence upon which the ruling was made and cannot, of course, review that order.

The transcript discloses the appellant's financial status. It shows his net salary or wages to be $441.62 and a pension or compensation of $66 for disability from wounds suffered in the late war, a total of $507.62 a month. The statement lists obligations amounting to $555.05. This includes $173.33 for maintenance of the children, expenses of operating an automobile in his work in the oil fields, payments being made on two houses and insurance premiums. It includes nothing for the man's own living expenses. The father

has remarried, but he testified his second wife is working and "pays for her own way." It is obvious that this deficit spending is intolerable. It would seem that the amount listed as automobile expenses was exaggerated and that several payments could be reduced by disposing of at least one of the houses. The appellant has contended that he is not able and should not be required to pay more than $25 a week for the support of his children.

The reasonableness of the amount that a father should pay for the support of his children depends not only on the children's needs or requirements but also upon his earning capacity and financial ability. It has been fourteen months since the judgment was rendered, and it may be that there has been a material change in the conditions and circumstances surrounding the father and the children. We think it better to affirm this judgment, which is, of course, without prejudice to the right of the father to apply to the trial court for relief under present circumstances.

The judgment is affirmed.